Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
Karen Sue Naylor (State Bar No. 144273)
karen@ringstadlaw.com
Ashley M. Teesdale (State Bar No. 289919)
ashley@ringstadlaw.com
RINGSTAD & SANDERS LLP
4901 Birch Street, Suite 120
Newport Beach, CA 92660
Telephone: 949-851-7450
Facsimile: 949-851-6926

General Bankruptcy Counsel for Thomas H. Casey,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>STONEWOOD HOMES LLC,<br><br>Debtor.<br>_____<br><br>THOMAS H. CASEY, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>SIMON BIBEAU,<br><br>Defendant. | Case No. 8:20-bk-12881-SC<br><br>Chapter 7 Proceeding<br><br>Adversary Proc. No. _____<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER**<br><br>Status Conference:<br>Date: [TO BE SET]<br>Time: [TO BE SET]<br>Place: Courtroom 5C<br>     411 West Fourth Street<br>     Santa Ana, California 92701 |

Thomas H. Casey (the "Plaintiff"), the duly-appointed and acting Chapter 7 trustee in the above-captioned bankruptcy case of Stonewood Homes, LLC (the "Debtor"), respectfully alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1. This adversary proceeding is brought pursuant to Rules 7001(1) and 7003 of the Federal Rules of Bankruptcy Procedure.

///

///

2.⠀⠀⠀⠀The United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 152, 157, and 1334, 11 U.S.C. §§ 547 and 550, and General Order No. 13-05 of the United States District Court for the Central District of California, dated July 1, 2013.

3.⠀⠀⠀⠀This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), and (O).

4.⠀⠀⠀⠀Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

5.⠀⠀⠀⠀This adversary proceeding arises in and is related to the Chapter 7 bankruptcy case commonly known as *In re Stonewood Homes, LLC*, which is currently pending in this Court, Case No. 8:20-bk-12881-SC (the "Bankruptcy Case").

### PARTIES TO THE ACTION

6.⠀⠀⠀⠀Plaintiff is the duly-appointed and acting Chapter 7 trustee of the Debtor's estate.

7.⠀⠀⠀⠀Plaintiff is informed and believes, and thereon alleges, that Defendant Simon Bibeau (the "Defendant") at all times alleged herein is and has been an individual residing in Huntington Beach, California.

### STATEMENT OF STANDING

8.⠀⠀⠀⠀Plaintiff, as the Chapter 7 trustee in the Bankruptcy Case, has standing to bring this action pursuant to 11 U.S.C. §§ 547 and 550.

### ALLEGATIONS

9.⠀⠀⠀⠀The Bankruptcy Case was filed under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code")[1] on October 14, 2022 (the "Petition Date").

10.⠀⠀⠀⠀On December 18, 2020, the case was converted to one under Chapter 7 and Plaintiff was appointed as Chapter 7 trustee.

///

///

---

[1] Unless otherwise specified, all statutory references made herein are to the Bankruptcy Code.

- 2 -

11. Plaintiff is informed and believes, and on that basis, alleges that Jodi DiTolla ("Ms. DiTolla"), the Debtor's principal, conducted the Debtor's business operations as follows: Ms. DiTolla obtained investments from various investors who were typically either family, friends, or friends of friends, for the purchase and development of residential real property. Ms. DiTolla, on behalf of the Debtor, executed investment agreements for specific amounts to be invested for development of a particular property, to be "converted to equity" when the subject property sold.

12. The Debtor's affiliate, Stonewood Luxury Homes, LLC ("Stonewood Luxury"), purchased real property located at 1906 Seadrift, Corona del Mar, CA 92625 ("Seadrift Property"), on or about November 30, 2017.

13. The Trustee has identified 14 separate investment agreements executed by Ms. DiTolla on behalf of the Debtor for the purchase and development of the Seadrift Property (the "Seadrift Project"), representing investments by 11 unique investors totaling approximately $1,200,000.

14. Defendant was one of the investors for the Seadrift Project.

15. Defendant and the Debtor executed a document titled "Investment Agreement Between Stonewood Homes LLC and Simon Bibeau, entered into this 30th day of October, 2018" (the "Bibeau Agreement"). The Bibeau Agreement lists the Seadrift Property as the subject property. The Bibeau Agreement requires that Defendant deliver an investment amount of $150,000, to accrue interest at an annualized rate of 10% (.833% monthly) until the Seadrift Property enters escrow. The Bibeau Agreement provides that the Debtor would pay Defendant the accumulated interest and the principal "after the close of escrow on the [Seadrift] Property." The Bibeau Agreement also provides that the Debtor would pay Defendant 10% of the net profit.

16. Stonewood Luxury sold the Seadrift Property and escrow closed on or about July 10, 2020.

17. The proceeds from the sale of the Seadrift Property were placed in two bank accounts in the Debtor's name and constituted property of the Debtor.

18. The Debtor paid $175,930.40 (the "Transfer") to Defendant via a check dated July 20, 2020, that posted to the Debtor's account at California International Bank ending in -5775 on July 23, 2020.

19. Thus, Defendant was a creditor of the Debtor, during the period commencing ninety (90) days prior to the Petition Date and concluding on the Petition Date (the "Preference Period").

20. The Transfer occurred during the Preference Period. As there was no profit on the Seadrift Project, the Transfer represents payment in full of the amounts that the Debtor owed Defendant.

21. In the two weeks after escrow closed on the Seadrift Property, the Debtor paid principal and interest to four investors for the Seadrift Project, including the Transfer.

22. In the month after escrow closed on the Seadrift Property, the Debtor paid one additional principal and interest to one other investor. No other investors received payment on account of their investment in the Seadrift Project.

23. After conducting reasonable due diligence under the circumstances of this case and investigating the Transfer and Defendant's reasonably knowable affirmative defenses, on or about March 1, 2022, Plaintiff made a demand on Defendant for repayment of the Transfer, less any defenses which Defendant may establish. In response, Defendant asserted that the Transfer is protected from avoidance under the ordinary course of business exception.

24. Plaintiff conducted additional investigation into the Debtor's and Defendant's business affairs. Based on that investigation Plaintiff asserts that the Transfer was not made in the ordinary course of business and is avoidable as a preferential transfer.

### FIRST CLAIM FOR RELIEF

**(To Avoid Preferential Transfer Pursuant to 11 U.S.C. § 547)**

25. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. The Transfer was a transfer of an interest of the Debtor in property that was made to or for the benefit of a creditor on account of an antecedent debt owed by Debtor before the Transfer was made.

27. The Transfer was made while the Debtor was insolvent or the Debtor became insolvent as a result of the Transfer.

28. The Debtor is statutorily presumed to be insolvent during the Preference Period.

29. Plaintiff is informed and believes, and based thereon alleges, that at the time the Debtor paid the Transfer, one or more of the following were true:

    a. The Debtor did not have adequate funds or other resources to pay all of its debts that came due in connection with the sale of the Seadrift Property.

    b. At the time of the Transfer, the sum of the Debtor's debts was greater than all of the Debtor's assets.

    c. At the time of the Transfer, the Debtor generally was not paying its debts as they came due. In particular, payment of amounts owed to several other investors in the Seadrift Property came due around the same time as the Transfer and were not paid.

    d. At the time of the Transfer, the Debtor was engaged in a business or transaction for which its remaining assets were unreasonably small in relation to that business or transaction. The Transfer left the Debtor with unreasonably small capital for its business, including for the development of its other projects. Less than three months after the Transfer, another property the Debtor was developing was foreclosed upon and investors who had investment agreements exceeding $1,000,000 in aggregate for which the Debtor was the obligor received no payment.

    e. At the time of the Transfer, the Debtor intended to incur, or believed it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured. Less than three months after the Transfer, the Debtor sought and

obtained additional investments for the development of another property for which the Debtor had insufficient assets to pay upon the sale of that property.

30. The Transfer was made on or within 90 days before the Petition Date.

31. The Transfer enabled Defendant to receive more than he would have received if the Debtor's bankruptcy case were a case under Chapter 7 of the Bankruptcy Code, the transfer had not been made, and Defendant had received payment of such debt or debts to the extent provided by the provisions of the Bankruptcy Code.

32. Even if the Transfer had not been made, there are not sufficient assets in this Chapter 7 case for unsecured creditors like Defendant to receive payment in full, and the Transfer enabled Defendant to receive payment in full of his debt.

33. Plaintiff has conducted reasonable due diligence under the circumstances of the case and has taken into account Defendant's known and reasonably knowable defenses under 11 U.S.C. § 547(c), including the ordinary course of business defense.

34. Plaintiff asserts that the Transfer is not protected by any of the defenses listed 11 U.S.C. § 547(c), including the ordinary course of business defense.

35. The debt underlying the Transfer was not incurred in the ordinary course of business of the Debtor because, among other reasons, the Debtor structured the Seadrift Project differently than all previous projects by causing an entity other than the Debtor to purchase the subject property, while the Debtor remained the obligor on all investment agreements for the development of the subject property.

36. The Transfer was not made in the ordinary course business or financial affairs of the Debtor and Defendant because, among other things, Defendant engaged in unusual collection activity and the Debtor engaged in unusual payment activity.

37. The Transfer was not made according to ordinary business terms because, among other things, the proceeds of the sale were insufficient to pay the investors who had been promised payment from the sale proceeds, and the Debtor chose to pay some investors in the Seadrift project, partially or fully, from the sale proceeds, while paying other similarly situated investors in the Seadrift project nothing.

38. The Transfer may be avoided pursuant to 11 U.S.C. § 547 (b).

39. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfer is avoided.

**SECOND CLAIM FOR RELIEF**

**(To Recover Avoided Transfer from Defendant for the Benefit of the Estate Pursuant to 11 U.S.C. § 550)**

40. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41. Plaintiff is informed and believes and based upon such information and belief, alleges that Defendant was the initial transferee of the Transfer and the entity for whose benefit the Transfer was made.

42. A transfer avoided under 11 U.S.C. § 547 or 11 U.S.C. § 548 is recoverable under 11 U.S.C. § 550.

43. Subject to potential defenses, Plaintiff is entitled to recover the value of the Transfer for the benefit of Debtor's estate under 11 U.S.C. § 550.

**THIRD CLAIM FOR RELIEF**

**[FOR DISALLOWANCE OF CLAIM – 11 U.S.C. § 502(d)]**

44. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 43, inclusive, as though fully set forth herein.

45. Defendant is an entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550 or 553, or Defendant received an avoidable transfer under 11 U.S.C. §§522(f), 522(h), 544, 545, 547, 548, 549, or 724(a).

46. Defendant has not repaid the Transfer, and thus has not paid the amount, or turned over any such property for which Defendant is liable under 11 U.S.C. §§ 522(i), 542, 543, 550, or 553 of the Bankruptcy Code.

47. Pursuant to 11 U.S.C. § 502(d), Defendant's claims, to the extent that Defendant asserts a claim or claims, should be disallowed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

    A.    For avoidance of the Transfer, subject to any defenses Defendant may properly establish;

    B.    For recovery from Defendant by Plaintiff of the amount of the Transfer;

    C.    For disallowance of any claims asserted by, or scheduled for, Defendant;

    D.    For recovery of interest, costs, and attorneys' fees and expenses, to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court; and

    E.    For such other and further relief as the Court deems just and proper.

Dated: October 13, 2022    Respectfully Submitted,

RINGSTAD & SANDERS LLP

By: *Todd Ringstad* (signature)
Todd C. Ringstad
Attorneys for Plaintiff, Thomas H. Casey,
Chapter 7 Trustee, Stonewood Homes, LLC